**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ALYSIA LUHR,

                              Plaintiff,

              v.                                              1:21-CV-0844
                                                              (GTS/CFH)
PLANNED PARENTHOOD, et al.

                              Defendants.

---

**APPEARANCES:**

Alysia Luhr
95 Manor Sites
Cohoes, New York 12047
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I.  Background

        Plaintiff pro se Alysia Luhr purported to commence this action on July 27, 2021,

with the filing of a complaint and motion for leave to proceed in forma pauperis ("IFP").

See Dkt. Nos. 1 ("Compl."), Dkt. No. 2.  Following review of plaintiff's IFP application,

dkt. no. 2., the Court concludes that plaintiff financially qualifies to proceed IFP for the

purposes of filing.[1]  The Court must next review plaintiff's complaint pursuant to 28

U.S.C. § 1915 to determine whether it may proceed.

---

[1]  Plaintiff is advised that, despite being granted IFP status in this case, she is still required to pay any costs or fees she may incur in this action.

## II.  Initial Review

### A. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'"  Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Iqbal, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  A pro se litigant's pleadings are held to a less strict standard than those drafted by an attorney. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties.").  Because plaintiff is proceeding pro se, the Court construes his pleadings "to raise the strongest arguments that they suggest."  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  However, this "does not exempt a [pro se litigant] from compliance with

relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

3

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).   However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B.  Complaint

Plaintiff's complaint indicates that this matter is before the Court pursuant to its federal question jurisdiction.  See Compl. at 3.  Although the form complaint requests that plaintiff "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," plaintiff leaves this portion of

the complaint blank.  Id.  In her statement of the claim, plaintiff states that she visited

Planned Parenthood, located in Troy, New York, in June 2021.  See Compl. at 4.

There, plaintiff met with defendant Dr. Gray, who provided plaintiff with "an abortion pill

. . . to terminate early pregnancy[.]" Id. at 4.  Plaintiff returned to planned parenthood in

July 20201 and was informed that "the pill didn't work, now [she] was further pregnant."

Id.  Plaintiff thereafter underwent "a surgical abortion" at a Planned Parenthood, located

in Albany, New York, performed by Dr. Mack.  Id.  Plaintiff contends that this procedure

was "very emotionally and physically traumatizing."  Id.  Plaintiff demands

"compensation (monetary) for emotional pain and suffering, depression, PTSD, anxiety

$60,000."  Id.  Plaintiff's civil cover sheet indicates that both plaintiff and defendants are

citizens of New York State.  See Dkt. No. 1-1 at 1.


## C.  Analysis

Plaintiff's complaint must be dismissed due to failure to demonstrate this Court's

jurisdiction.  Although plaintiff provides that this Court has jurisdiction over this matter

due to its federal question jurisdiction, it is clear that there are no questions of federal

law involved.  Plaintiff's claims amount to medical malpractice, which is a state law

claim.  Federal courts are courts of limited jurisdiction and may not preside over cases

absent subject matter jurisdiction. See Exxon Mobil Corp. v. Allapattah Services, Inc.,

545 U.S. 546, 552 (2005).  Federal jurisdiction is only available when a "federal

question" is presented, 28 U.S.C. § 1331, or the plaintiff and defendant are of diverse

citizenship and the amount in controversy exceeds $ 75,000.  See 28 U.S.C. § 1332.

When a court lacks subject matter jurisdiction, dismissal is mandatory.  See Arbaugh v.

Y & H Corp., 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se litigant's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order) (internal citation omitted).

Here, the Court has neither federal question jurisdiction nor diversity jurisdiction. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). The allegations in plaintiff's complaint do not cite any federal authority as the basis for her claims, and the federal nature of plaintiff's claims is not otherwise apparent, nor can it be reasonably inferred from the allegations in the complaint.  To the contrary, as noted above, plaintiff's complaint makes clear that her claims involve state law issues of medical malpractice.

Further, there is no diversity jurisdiction because plaintiff and defendants are citizens of the same state, which precludes a finding of diversity jurisdiction. See 28 U.S.C. § 1332(a); see Dkt. No. 1-1 at 1.  Having concluded that the complaint fails to establish that this Court has subject matter jurisdiction over plaintiff's complaints, the case must be dismissed.

Accordingly, it is recommended that plaintiff's complaint be dismissed with prejudice for lack of subject matter jurisdiction.  However, it is further recommended that

the dismissal be without prejudice to plaintiff seeking to commence a new action in the appropriate state court, should she choose to do so.

Ordinarily, given plaintiff's pro se status, the Court would recommend that she be given an opportunity to amend prior to an outright dismissal. See Cuoco, 222 F.3d at 112. However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id. Because lack of subject matter jurisdiction is a substantive defect, the undersigned recommends dismissal with prejudice and without leave to amend. See Butler v. Geico General Ins. Co., 1:18-CV-1493 (GLS/DJS), 2019 WL 330591, at *3 (N.D.N.Y. Jan. 25, 2019).

### III.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's motion for leave to proceed in forma pauperis (dkt. no. 2) is **GRANTED** for the purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (dkt. no. 1) be **DISMISSED with** prejudice and without opportunity to amend for failure to demonstrate subject matter jurisdiction, but that the dismissal be **without prejudice to plaintiff commencing an action in an appropriate state forum**.[2]

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the

---

[2]  The undersigned reaches no assessment as to whether plaintiff can properly proceed with this action in a state court.

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[3]

Dated: September 8, 2021
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(c).