UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALYSIA LUHR,

                            Plaintiff,

                                                          1:21-CV-0844
v.                                                        (GTS/CFH)

PLANNED PARENTHOOD; DR. GRAY; and
DR. MACK,

                            Defendants.
_____

APPEARANCES:

ALYSIA LUHR
   Plaintiff, *Pro Se*
95 Manor Sites
Cohoes, New York 12047

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this *pro se* personal injury action filed by Alysia Luhr ("Plaintiff") against Dr. Gray, Dr. Mack, and Planned Parenthood ("Defendants"), is United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Plaintiff's Complaint be dismissed for lack of subject-matter jurisdiction without prejudice to re-filing in an appropriate state forum. (Dkt. No. 4.) Plaintiff has not filed an objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

      After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear error in the Report-

Recommendation.[1]  Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** for lack of subject-matter jurisdiction without prejudice to re-filing in an appropriate state forum.

Dated: October 19, 2021
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[1]  When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).